# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MICKEY LONIELLO and NATHANIEL AGUILAR. | No. 07 CR 336<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

On November 18, 2008, Defendant Mickey Loniello filed a motion to dismiss the second superseding indictment in this case on the basis of double jeopardy. Defendant Nathanial Aguilar joined in Loniello's motion on November 21, 2008. The second superseding indictment charges Defendants with violations of 18 U.S.C. § 2113(a), ¶2 – attempting to enter a bank with the intent to commit a bank robbery (Count I); and 18 U.S.C. § 371 – conspiracy to commit bank robbery, in violation of 18 U.S.C. § 2113(a), ¶ 1 (Count II). Defendants seek dismissal of Count I pursuant to the double jeopardy clause in light of the fact that Defendants were previously acquitted of violating paragraph one of 18 U.S.C. § 2113(a). Defendants further move to dismiss Count II, arguing that the ultimate issue of intent has already been decided in their favor. The government opposes Defendants' motion on the basis that paragraphs one and two under 18 U.S.C. § 2113(a) constitute separate offenses and because the government contends Defendants cannot meet their burden of proving that the issue of intent was necessarily decided in their favor. For the foregoing reasons, Defendants' motion to dismiss is granted with respect to Count I and denied with respect to Count II.

**I. BACKGROUND**

On May 31, 2007, a federal grand jury returned an indictment charging Loniello and Aguilar with attempting to rob a Chase Bank in Oak Park, Illinois, in violation of the first paragraph of 18 U.S.C. § 2113(a).[1]  Defendants pleaded not guilty to the charge.  On October 18,

---

[1] Although the indictment did not specifically reference the first paragraph of the statute, the parties are in agreement that the language of the indictment expressly tracked the language of § 2113(a), ¶1.  Section 2113 reads, in part:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.
>
> (b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than ten years, or both; or
>
> Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than one year, or both.

2007, a federal grand jury returned a superseding indictment charging Loniello and Aguilar with attempted bank robbery, in violation of 18 U.S.C. § 2113(a), ¶ 1 (Count I) and carrying and possessing a firearm in furtherance of and during and in relation to a crime of violation, in violation of 18 U.S.C. § 924(c) (Count II). I dismissed Count II of the superseding indictment on the basis that Defendants had been entrapped as a matter of law.

On July 14, 2008, Defendants simultaneously proceeded to trial. Loniello was tried before me in a bench trial, and Aguilar was tried before a jury. On July 22 and 23, 2008, respectively, the jury and I found Defendants guilty of attempting to rob the Chase Bank in Oak Park in violation of § 2113(a), ¶ 1.

On July 30, 2008, Loniello timely filed motions for judgment of acquittal and for a new trial and the government filed its opposition.

---

> (c) Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value which has been taken or stolen from a bank, credit union, or savings and loan association in violation of subsection (b), knowing the same to be property which has been stolen shall be subject to the punishment provided in subsection (b) for the taker.
>
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.
>
> (e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or if death results shall be punished by death or life imprisonment.

On August 26, 2008, the Seventh Circuit issued its opinion in *United States v. Thornton*, 539 F.3d 741 (7th Cir. 2008), an attempted bank robbery case in which the defendant appealed his conviction on the ground, *inter alia*, that the government failed to prove that he used actual force and violence, or intimidation, in carrying out the attempted bank robbery. The Court of Appeals reversed Thornton's conviction, holding that a guilty verdict under the first paragraph of 18 U.S.C. § 2113(a) requires a showing of "actual force and violence or intimidation," regardless of whether the defendant is charged with the substantive offense or mere attempt. *Thornton*, 539 F.3d at 748. As in this case, the defendant in *Thornton* never entered the bank he was charged with attempting to rob. *Id.* at 743-44.

On August 27, 2008, Loniello filed an amended post-trial motion seeking a judgment of acquittal in light of the *Thornton* decision. Loniello argued that a judgment of acquittal should be entered because, as in *Thornton*, the government in this case failed to offer evidence of force and violence or intimidation in connection with the attempted bank robbery of the Chase Bank. On August 28, 2008, Aguilar filed a post-trial motion for a judgment of acquittal and a new trial based on *Thornton* and a myriad of other reasons.[2]

On August 28, 2008, a federal grand jury returned a second superseding indictment, charging Defendants with attempt to commit bank robbery in violation of 18 U.S.C. § 2113(a),

---

[2] Aguilar's other arguments, not germane to the discussion here, were based on (1) several of my rulings relating to jury instructions on the entrapment defense, (2) a reference made by the government during closing argument to a question that was withdrawn from the record during the course of the trial, (3) the government's inaccurate statement during closing that the CI was only pretending when she told the agent she wanted to work until five, (4) insufficient evidence of intent because Aguilar made a statement about jumping over the counters at the bank when in fact this would have been impossible because the bank had counter-to-ceiling bulletproof glass barriers, and (5) insufficient evidence of predisposition to commit the crime of bank robbery.

4

¶ 2 (Count I) and conspiracy to commit bank robbery as prohibited by 18 U.S.C. § 2113(a), ¶ 1, in violation of 18 U.S.C. § 71 (Count II).

On August 29, 2008, I granted Defendants' motions for acquittal based on *Thornton*, without objection from the government.

Defendants' motion seeks (1) dismissal of Count I on the basis that it violates the Fifth Amendment's double jeopardy clause, and (2) dismissal of Count II based on principles of issue preclusion related to the element of criminal intent.

## II. COUNT I

"The purpose of the Fifth Amendment's double jeopardy clause is to prevent the government from harassing people by prosecuting them for the same conduct that was the subject of a prior prosecution." *United States v. Calabrese*, 490 F.3d 575, 577 (7th Cir. 2007); *see* U.S. Const. art. I, § 8, cl. 5 ("nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb"). Accordingly, a verdict of acquittal is a bar to a subsequent prosecution for the same offense. *Ball v. United States*, 163 U.S. 662, 671 (1896); *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The question presented by Defendants' motion to dismiss Count I of the government's second superseding indictment on the basis of double jeopardy therefore calls for interpretation of the Federal Bank Robbery Act, 18 U.S.C. § 2113: whether paragraphs one and two of § 2113(a) are alternate means of committing a single offense or whether they constitute two separate offenses. If paragraphs one and two are the same offense, then double jeopardy bars the government from re-prosecuting Defendants for a violation of paragraph two following an acquittal under paragraph one. On the other hand, if the two paragraphs describe separate offenses, then the government may permissibly prosecute one offense in one indictment and the

other offense in a second indictment, or may obtain multiple convictions for both paragraphs in a single indictment, and may also seek cumulative punishments for both offenses. *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). These are well settled principles on which the parties agree.

Defendants argue that the proper approach to determine whether paragraphs one and two of § 2113(a) constitute the "same offense" is to ascertain Congressional intent via the statute's plain language, its structure and context, and its legislative history. In support, Defendants rely on *Prince*, in which the Supreme Court conducted such an inquiry in analyzing § 2113(a) and determined that Congress intended that section to comprise only one offense. *Prince v. United States*, 352 U.S. 322 (1957). Thus, according to Defendants, *Prince* and its progeny require dismissal of Count I.

The government responds that the applicable test for determining whether paragraphs one and two of § 2113(a) constitute the "same offense" is the separate-elements test as set forth in *Blockburger v. United States*, 284 U.S. 299 (1932). In *Blockburger*, the Supreme Court ruled that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id*. at 304. In support of its argument that the *Blockburger* test governs the analysis, the government relies on *United States v. Dixon*, 509 U.S. 688 (1993) and *Albernaz v. United States*, 450 U.S. 333 (1981).

The government's argument ignores *Blockburger's* own threshold inquiry in deciding whether to apply its test of statutory construction: namely "where the same act or transaction constitute a violation of *two distinct statutory provisions* . . . " 284 U.S. at 304. (emphasis

6

added). Where this threshold requirement of two separate statutes has not been met, courts have declined to apply the *Blockburger* test, distinguishing prosecutions arising from multiple offenses captured under the same statutory heading from those prosecutions that involve multiple offenses arising out of completely separate statutes. For example, in *Sanabria v. United States*, which presented the issue of double jeopardy in the context of two alleged violations of a single statute (18 U.S.C. § 1955), the Court rejected the government's argument that the *Blockburger* test should apply and held that two alleged violations (numbers betting and horse betting) of running an illegal gambling business were two separate means of violating a single offense and not two separate offenses. 437 U.S. 54, 69-70 (1978). "Because only a single violation of a single statute is at issue here, we do not analyze this case under the so-called 'same evidence' test, which is frequently used to determine whether a single transaction may give rise to separate prosecutions . . . under *separate* statutes." *Id*. at 70 n.24 (emphasis added). *See also Milanovich v. United States*, 365 U.S. 551, 554 (1961) (in holding that Congress did not intend multiple punishments for theft of government property under 18 U.S.C. § 641, ¶ 1 and receipt of that same property under ¶ 2 the Court relied on statutory construction without applying *Blockburger*); *United States v. Podell*, 869 F.2d 328, 332 n.5 (7th Cir. 1989) (in the context of evaluating defendant's double jeopardy argument aimed at multiple charges arising out of 18 U.S.C. § 511(a), the Seventh Circuit noted that the *Blockburger* test "is only to be employed when other methods of statutory construction have proved to be inconclusive."); *United States v. Winchester*, 916 F.2d 757 (11th Cir. 1990) (refusing to apply *Blockburger* test for offenses arising out of a single statutory provision).[3]

---

[3] Even in cases where the same conduct violates two distinct statutory provisions, the Supreme Court has made clear that "the first step in the double jeopardy analysis is to determine

In addition, both *Dixon* and *Albernaz*, on which the government relies, are readily distinguishable from the facts presented here. Neither case involved a single criminal transaction that resulted in multiple violations of different portions of a single statutory provision. *Dixon* presented the question of whether prosecution for criminal contempt based on violation of a criminal law incorporated into a conditional release order barred a subsequent prosecution for the same criminal offense. *Dixon*, 509 U.S. at 695. *Albernaz* involved the applicability of the double jeopardy clause to a conviction under two separate federal conspiracy statutes, 21 U.S.C. § 963 (conspiracy to import marijuana) and 21 U.S.C. § 846 (conspiracy to distribute marijuana). *Albernaz*, 450 U.S. at 334.

The *Blockburger* test does not answer the question of whether a second prosecution under a different paragraph of the same subsection of a single statute constitutes a second prosecution for the "same offense." See *United States v. Kimbrough*, 69 F.3d 723, 729 n.5 (5th Cir. 1995) (declining to apply *Blockburger* test to two violations of the same statute because that test only applies to determinations of whether Congress intended the same conduct to be punishable under two separate criminal provisions).

The answer instead lies in Congress' intent. See *Prince*, 352 U.S. 322; *Heflin v. United States*, 358 U.S. 415, 419 (1959) (Court looked to Congressional intent in holding petitioner could not be convicted under both subsections (c) and (d) of § 2113). Indeed, whether a particular course of conduct involves one or more distinct "offenses" under a statute depends on

---

whether the legislature . . . intended that each violation be a separate offense," for "[i]f Congress intended that there be only one offense . . . there would be no statutory authorization for a subsequent prosecution after conviction of one of the two provisions, and that would end the double jeopardy analysis." *Garrett v. United States*, 471 U.S. 773, 778 (1985). "The rule stated in *Blockburger* was applied as a rule of statutory construction to help determine legislative intent." *Id*. at 778-79.

8

congressional choice and legislative power to define offenses. *Ball v. United States*, 163 U.S. at 69-70. I proceed with an analysis of congressional intent, keeping in mind the established rule of construction that ambiguity in a criminal statute is to be construed in favor of lenity. *Simpson v. United States*, 435 U.S. 6, 14 (1978).

To begin:

> When two crimes are defined in a single section of the code, usually their interrelationship will have been considered by Congress, and therefore the legislative intent is more readily assessed than it is when two separate sections are involved. When two crimes are found in the same section, it is not unreasonable to expect to find in the legislative history some affirmative expression of an intent to punish for both if such an intent exists.

*United States v. Makres*, 598 F.2d 1072, 1075 (1979). Thus, unless the legislative history gives some affirmative indication that Congress intended to punish two provisions within the same statute as two separate offenses, the default assumption must be that Congress did not. *See Prince*, 352 U.S. at 328 (if Congress had intended through its amendments to make drastic changes in the punishment schemes, "the result could have been accomplished easily with certainty rather than by indirection.").

The legislative history of § 2113 reveals no intent on the part of Congress to create separate offenses in paragraphs one and two. The original Bank Robbery Act, passed in 1934, covered only robbery, robbery accompanied by an aggravated assault, and homicide perpetrated in committing a robbery or escaping thereafter. 48 Stat. 783 (1934). Congress added prohibitions against entering a bank with intent to commit a felony and taking bank property with intent to steal in 1937, 50 Stat. 749 (1937), because Congress wanted to expand the scope of the statute to cover criminal activity less serious than robbery that had previously violated no federal

9

statute. S. Rep. No. 75-1259 (1937); *Prince*, 352 U.S. at 326. Initially, when Congress added the provisions for illegal entry and larceny in 1937 it placed them alongside robbery in subsection (a) in a single, disjunctive sentence. 50 Stat. 749 (1937). In 1948, however, Congress amended the statute and moved larceny to its own separate subsection. At the same time, Congress did not move the illegal entry provision to its own subsection, but rather adopted the current two-paragraph structure of § 2113(a). 62 Stat. 796 (1948).

This two-paragraph structure and plain language of § 2113(a) also support the conclusion that Congress intended the actions described therein to be alternate means of committing a single offense. The paragraphs are a single sentence joined by the disjunctive term "or" and appended by a single penalty clause. The use of the word "or" within a single subsection of a statute signals Congress' intent that there be two ways or means of committing a single offense and not multiple offenses. In the context of the subsection, the ordinary and common sense meaning of the word "or" indicates alternative courses of conduct that could accomplish a single offense. *See United States v. Turcotte*, 405 F.3d 515, 523 (7th Cir. 2005) (subsections of 21 U.S.C. § 802(9) are separated by the word "or" to indicate Congress' clear disjunctive intent); *United States v. Marbella*, 73 F.3d 1508, 1514 (9th Cir. 1996) (relying on disjunctive "or" separating subsections of 18 U.S.C. § 1956(a)(1) to support conclusion that each subsection is an alternate means of proving a single element of the crime of money laundering); *but cf. United States v. Dennison*, 730 F.2d 1086, 1089 (7th Cir. 1984) (subparagraphs of 15 U.S.C. § 1644 joined by disjunctive "or" indicate that each subparagraph "states a separate and separately punishable violation, even where . . . several separate offenses occur in the same course of conduct.")[4] In

---

[4] The analysis in *Dennison* is distinguishable in that the disjunctive "or" appears between separately enumerated subsections of § 1644 and not between paragraphs contained within a single subsection, as in § 2113(a). Each subsection (a) through (f) of § 1644 states a separate

addition, in the context of the overall structure of the statute, the inclusion of a single penalty clause after the two paragraphs § 2113(a) further signals Congress' intent to treat the subsection as a whole as a single offense that can be carried out in two separate ways.

In addition to the textual and legislative history support for the conclusion that the two paragraphs of § 2113(a) proscribe two means of violating a single offense, the *Prince* decision governs the analysis here. The Court in that case engaged in the same Congressional-intent analysis and held that § 2113(a) creates a single offense. *Prince*, 352 U.S. 322; *see also Helflin*, 358 U.S. at 419 ("We held in [*Prince*] that the crime of entry into a bank with intent to rob was not intended by Congress to be a separate offense from the consummated robbery."). *Prince* is particularly instructive because it dealt with precisely the same "unique statute of limited purpose and . . . inconclusive legislative history." *Prince*, 352 U.S. at 325.[5] The Court's analysis concluded that the second paragraph "was inserted [in § 2113(a)] to cover the situation where a person enters a bank for the purpose of committing a crime but is frustrated for some reason." *Id.* at 328.

Subsequent cases have reinforced and applied the holding in *Prince*. "We believe it to be now settled that [§ 2113] creates a single offense with various degrees of aggravation permitting

---

offense, but when the disjunctive "or" is used *within* a single subsection, such as in § 1644(a), it signals an alternate means of committing the single offense described therein. Therefore, the statutory construction applied in *Dennison* actually supports the conclusion that the subparagraphs of § 2113(a) state alternate means of committing a single offense.

[5] The government's response brief in opposition to the motion omits any reference to the Supreme Court ruling in *Prince*. I note, however, that any attempt to factually distinguish *Prince* would be unavailing. The holding in *Prince* turns on the Court's analysis of the same statute, including its structure and legislative history, that is in issue here. The precise question presented in *Prince* was whether Congress intended the maximum punishment for robbery to remain at 20 years when it added the illegal entry (second paragraph) to subsection (a). While the precise question presented in our case differs, both cases depend on whether the two paragraphs of § 2113(a) constitute a single offense, and *Prince* answers that question in the affirmative.

sentences of increasing severity." *United States v. Drake*, 250 F.2d 216, 217 (7th Cir. 1957). "*Prince* has, for all practical purposes, so decided." *Id.* *See also Wright v. United States*, 519 F.2d 13, 15 (7th Cir. 1975) (acknowledging well settled law that § 2113 does not create separate crimes but merely prescribes alternative sentences for the same crime depending on the manner in which the crime was perpetrated); *United States v. Leather*, 271 F.2d 80, 86 (7th Cir. 1959) (same).

I find that paragraphs one and two of § 2113(a) are alternate means of committing a single offense. Accordingly, double jeopardy bars the government from re-prosecuting Defendants for a violation of paragraph two following their acquittal of paragraph one. Defendants' motion to dismiss Count I of the second superseding indictment is granted.

## III. COUNT II

Defendants further seek dismissal of Count II – conspiring to violate 18 U.S.C. § 2113(a), ¶ 1 – on the basis that it violates Defendants' double jeopardy rights through application of the ancillary doctrine of issue preclusion. Defendants concede that strict application of double jeopardy via the *Blockburger* separate-elements test (applicable here because the original robbery charge and the present conspiracy charge are two distinct statutory provisions) would not prohibit the government from now pursuing the conspiracy charge. However, Defendants seek to invoke the doctrine of issue preclusion, which prohibits the recharging and retrial of Defendants because I already determined the issue of Defendants' mental state in favor of Defendants. *See Ashe v. Swenson*, 379 U.S. 436, 443 (1970) ("when an issue of ultimate fact has once been determined by a valid and final judgement, that issue cannot again be litigated between the parties in any future lawsuit.").

Three procedural rules govern the application of issue preclusion in criminal cases. *United States v. Salerno*, 108 F.3d 730, 741 (7th Cir. 1997). First, I am not to apply the issue preclusion rules in a hypertechnical manner, but rather I should examine the pleadings, evidence, charge, and other relevant materials to determine "whether a rational jury could have based its verdict on an issue other than the one the defendant seeks to foreclose from consideration. *Id.* Second, "issue preclusion only applies when a relevant issue in a subsequent prosecution is an 'ultimate issue,' *i.e.*, an issue that must be proven beyond a reasonable doubt." *Id.* Third, the defendant bears the burden of proving the prior jury necessarily determined the "ultimate issue." *Id.*

However, based on the judgments of acquittal I entered, Defendants cannot satisfy their burden of demonstrating that the essential element of intent for the conspiracy charge was clearly established against the government. *See United States v. Balin*, 977 F.2d 270, 281 (7th Cir. 1992). The sole basis upon which I entered the judgments of acquittal was the Seventh Circuit's ruling in *Thornton*, as discussed, *supra*. I made no finding that Defendants lacked the requisite intent to commit the attempted bank robbery charged in the superseding indictment that could have any preclusive effect on the conspiracy charged in the second superseding indictment. In fact, prior to the judgments of acquittal, the jury and I separately determined beyond a reasonable doubt that Defendants did in fact possess the requisite intent to commit a bank robbery under § 2113(a).

Because Defendants fail to satisfy their burden of showing that their acquittals necessarily determined the issue of intent in the pending conspiracy charge contained in Count II, I deny Defendants' motion to dismiss Count II of the superseding indictment.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: January 28, 2009